661 P.2d 887

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Antonio Miguel CHAVEZ, Defendant-Appellant.**

No. 14462.

Supreme Court of New Mexico.

April 19, 1983.

Janet Clow, Chief Public Defender, Lynne Corr, Asst. Appellate Defender, Santa Fe, Nancy Rae, Albuquerque, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Barbara F. Breen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

Defendant-appellant Antonio Miguel Chavez (defendant) was convicted of felony murder, armed robbery and conspiracy to commit armed robbery as provided in Sections 30-2-1, (A)(2), N.M.S.A.1978 (Cum. Supp.1982), 30-16-2, N.M.S.A.1978 and 30-28-2, N.M.S.A.1978 (Cum.Supp.1982). Defendant appeals. We affirm.

The issues on appeal are:

**1. Whether the evidence supports defendant's request that the jury be instructed on self-defense.**

**2. Whether the evidence was sufficient to support a verdict on the charge of conspiracy.**

### 1. *Self-Defense.*

Defendant maintains that the trial court erred because it did not instruct the jury on self-defense to the felony murder charge. N.M.U.J.I.Crim. 41.41, N.M.S.A.1978 (Repl. Pamp.1982). We disagree.

The record reveals that defendant entered an Albuquerque convenience store on the evening of September 15, 1981. Defendant drew a knife and directed the store clerk to place the cash register money in a paper bag. As the store clerk was placing the money in the paper bag, defendant and a store patron became involved in an altercation. The store patron, Jose Garcia, according to defendant, attempted to draw a knife while defendant was waiting for the money to be bagged. Defendant, who held a knife in his right hand, grabbed Mr. Garcia's wrist. Mr. Garcia told defendant to let him alone. Defendant further stated that,

in response, he pushed Mr. Garcia, letting go of him, and Mr. Garcia at that point stepped back from the defendant. Defendant then checked to see if the money was in the paper bag. Defendant was still armed, but his knife was pointed downward. According to the testimony of the defendant, Mr. Garcia then made another attempt to reach for his knife which was in a sheath. Defendant and Mr. Garcia then struggled briefly. Mr. Garcia was fatally stabbed by defendant shortly thereafter. The store clerk, although present during the altercation, did not observe the struggle between the defendant and the decedent.

In order to warrant an instruction on self-defense, the evidence must support a finding by the jury that the defendant was put in fear by an apparent danger of immediate death or great bodily harm, that the killing resulted from that fear, and that the defendant acted as a reasonable person would act in those circumstances. *State v. Montano,* 95 N.M. 233, 620 P.2d 887 (Ct. App.1980). The only evidence offered by defendant was his own testimony which has been set forth above. This evidence was not sufficient to warrant an instruction on self-defense.

We held in *State v. Harrison,* 90 N.M. 439, 442, 564 P.2d 1321, 1324 (1977) that in felony murder cases a defendant could be convicted if there is a showing that the death was committed during the commission of a felony by activity "inherently or foreseeably dangerous to human life." In the present case, defendant entered the convenience store with a knife, prepared to commit armed robbery if the circumstances permitted it. Such facts as these can only reasonably point to the commission of a felony in a situation which is, of itself, "inherently or foreseeably dangerous to human life," whether in this case directed toward the convenience store clerk, or toward the decedent, who merely happened to be in the store on the night of the robbery. The rule is well established in this jurisdiction that a defendant who provokes an encounter, as a result of which he finds it necessary to use deadly force to defend

himself, is guilty of an unlawful homicide and cannot avail himself of the claim that he was acting in self-defense. *State v. Najar,* 94 N.M. 193, 608 P.2d 169 (Ct.App.), *cert. denied,* 94 N.M. 628, 614 P.2d 546 (1980); 2 C. Torcia, Wharton's Criminal Law § 135 (14th ed. 1979). The self-defense instruction was properly refused.

## 2. *Conspiracy.*

Defendant maintains that there is insufficient evidence to support his conviction of conspiracy to commit armed robbery. We disagree.

The record shows that defendant and another man, Anthony Sena, entered into the convenience store on the evening of September 15, 1981, and positioned themselves by a potato chip rack near the door. They both approached the store clerk and appeared to be nervous. As they approached the store clerk, the telephone rang. After the store clerk concluded the telephone conversation and hung up the telephone, defendant approached the store clerk with a knife and told her to place the cash register money in a paper bag. Mr. Sena positioned himself at the door.

After filling the paper bag with the money, and after the fatal altercation involving Mr. Garcia, defendant and Mr. Sena left the convenience store together. Defendant and Mr. Sena were arrested together in a car minutes after the robbery.

A conspiracy is defined as a common design or agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means. *State v. Thoreen,* 91 N.M. 624, 578 P.2d 325 (Ct.App.), *cert. denied,* 91 N.M. 610, 577 P.2d 1256 (1978). Even though the evidence of a conspiracy between the defendant and Mr. Sena was circumstantial, nonetheless it constituted reasonable proof of a conspiracy established by inferences from the facts, circumstances and conduct of the participants. *State v. Dressel,* 85 N.M. 450, 513 P.2d 187 (Ct.App. 1973).

Reviewing the evidence in the light most favorable in support of the trial court's

verdict, *State v. McCallum,* 87 N.M. 459, 535 P.2d 1085 (Ct.App.1975), we conclude that there was such substantial evidence to support a finding of conspiracy to commit armed robbery. *State v. Deaton,* 74 N.M. 87, 390 P.2d 966 (1964).

The trial court is affirmed.

IT IS SO ORDERED.

PAYNE, C.J., and STOWERS, J., concur.