This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                         **NO. 32,253**

**ELGIN VINE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Terrence Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals from the amended judgment and sentence. This Court's first calendar notice proposed to affirm the district court. Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments, and affirm the judgment and sentence.

Defendant continues to argue, pursuant to *Franklin* and *Boyer*, that the State failed to present sufficient evidence on the cause of death because the State failed to qualify an expert pathologist to testify concerning the autopsy of the deceased and the cause of death. *See State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967); *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985) (stating that on appeal, defense counsel has the duty to advance a defendant's non-meritorious contentions). [MIO 10] As stated in the first calendar notice, we do not agree with Defendant's interpretation of *State v. Sosa*, 2000-NMSC-036, 129 N.M. 767, 14 P.3d 32, and are not persuaded by Defendant's arguments. Defendant failed to point to any factual or legal errors with this Court's proposed disposition. *See State v. Mondragon*, 107 N.M. 421, 423, 759 P.2d 1003, 1005 (Ct. App. 1988) (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement). Therefore, we affirm on the sufficiency of the evidence to support

Defendant's conviction for second degree murder.

Defendant also continues to argue that the district court erred in denying his tender for a jury instruction on imperfect self-defense. "Imperfect self-defense occurs when an individual uses excessive force while otherwise lawfully engaging in self-defense." *State v. Henley*, 2010-NMSC-039, ¶ 20, 148 N.M. 359, 237 P.3d 103. Therefore, to be entitled to an instruction on imperfect defense, Defendant has to present sufficient evidence to warrant an instruction on self-defense. This Court's first notice proposed to hold that no reasonable man could believe that Defendant was in such immediate danger that it would justify him in approaching the door where the deceased was standing and firing his gun at the door. *See State v. Reneau*, 111 N.M. 217, 219, 804 P.2d 408, 410 (Ct. App. 1990) ("The inquiry in a self-defense claim focuses on the reasonableness of [the] defendant's belief as to the apparent necessity for the force used to repel an attack."); *see also State v. Abeyta*, 120 N.M. 233, 239, 901 P.2d 164, 170 (1995) (enumerating the requirements of self-defense), *abrogated on other grounds by State v. Campos*, 1996-NMSC-043, 122 N.M. 148, 921 P.2d 1266.

Defendant does not dispute the facts relied upon in this Court's first notice of proposed disposition, but emphasizes the fact that the deceased had shot at him the week before when the two exchanged heated words. [MIO 1] Defendant argues that

3

what occurred the day of the shooting, coupled with the deceased's recent armed attack on him, supported his statement that he believed he was the victim of an ambush. [MIO 5] Nevertheless, the claim of self-defense may fail if the defendant was the aggressor or instigator of the conflict. UJI 14-5191 NMRA (stating that self-defense ordinarily is not a defense available to the first aggressor); *see State v. Chavez*, 99 N.M. 609, 611, 661 P.2d 887, 889 (1983).

Defendant provoked an encounter with the deceased by stopping in front of the house when beckoned by the neighbor, Mr. Ester, and getting out of the car even though Defendant suspected it was an ambush. [MIO 1, 5] Because Defendant got a gun, approached the house where the deceased was standing behind the door, and fired shots toward the door, he instigated a confrontation. *Cf. State v. Emmons*, 2007-NMCA-082, ¶ 13, 141 N.M. 875, 161 P.3d 920 (holding that the defendant instigated the encounter with repo men who had already left the property with his truck when the defendant got a gun, got in his truck, and drove to look for the repo men). Before Defendant got out his car and armed himself with a gun, there was no appearance of immediate danger of death or great bodily harm to him by the deceased. *See State v. Lucero*, 1998-NMSC-044, ¶ 9, 126 N.M. 552, 972 P.2d 1143 (holding that the defendant was not entitled to a self-defense instruction despite the fact that he had been shot at by one in a group of three people earlier that day, where his provocative

acts of later that day obtaining a gun, waiting for, then following the group to a vacant lot, brandishing a deadly weapon, and shooting into the air instigated a confrontation with the group).  All that Defendant observed was that Mr. Ester waved them over, then quickly walked away, and that the front door to Mr. Ester's house had been left ajar. [MIO 2]  Nevertheless, despite his suspicions from the beginning that it was an ambush, it was Defendant who made the choice to get out of his car and get a gun, walk toward the house, and shoot toward the door where the deceased was standing. "This is not defensive, rather, an offensive use of deadly force which is not justified." *Emmons*, 2007-NMCA-082, ¶ 13.  Therefore, we hold that Defendant was not entitled to a jury instruction on imperfect self-defense. *See State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69 (stating that a defendant is only entitled to jury instructions on his theory of the case if there is evidence to support the instruction).

Lastly, Defendant continues to argue that the State's laser photographs were irrelevant and overly prejudicial because the jury could not interpret them without speculation.  [MIO 11]  Defendant did not raise factual or legal errors with this Court's proposed disposition. *See Mondragon*, 107 N.M. at 423, 759 P.2d at 1005 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement).  Nor has Defendant shown how this evidence

prejudiced him, particularly in light of the evidence from eye witnesses who saw Defendant shoot at the door where the deceased was standing. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Defendant failed to demonstrate how the photographic evidence prejudiced him resulting in an erroneous conviction for second degree murder. "In the absence of prejudice, there is no reversible error." *State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct. App. 1994).

For the foregoing reasons, and those stated in the first notice of proposed disposition, we affirm the judgment and sentence.

**IT IS SO ORDERED.**


_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**




_____

**JONATHAN B. SUTIN, Judge**

_____
**CYNTHIA A. FRY, Judge**