This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

### IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**No. S-1-SC-39534**

**Filing Date: December 11, 2023**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ESTEVAN MONTOYA,**

Defendant-Appellant.

**CAPITAL APPEAL**
**T. Glenn Ellington, District Judge**

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

Raúl Torrez, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

### DISPOSITIONAL ORDER OF AFFIRMANCE

**PER CURIAM.**

**{1}** This direct appeal having come before the full Court, the Justices having read the briefs of the parties, and otherwise having fully informed themselves on the issues and applicable law; and

**{2}** All the Justices having concurred that there is no reasonable likelihood that a written decision or opinion would affect the disposition of this appeal or advance the law

of the state and that the Court may exercise discretion under Rule 12-405(B) NMRA to dispose of a case by nonprecedential order;

**IT IS THEREFORE ADJUDGED THAT:**

**{3}** Defendant appeals his conviction for first-degree murder for which he was sentenced to life imprisonment. This is a direct appeal. N.M. Const. art. VI, § 2 ("Appeals from a judgment of the district court imposing a sentence of death or life imprisonment shall be taken directly to the supreme court."). Defendant's first-degree murder conviction was the product of two alternative theories of guilt: deliberate intent murder and depraved mind murder under NMSA 1978, Section 30-2-1(A)(1) and (A)(3) (1994). He raises three issues on direct appeal: (1) error based on the district court's refusal to instruct the jury on self-defense and on voluntary manslaughter based on provocation; (2) insufficiency of the evidence for deliberate intent murder; and (3) state constitutional error when jury unanimity on the theory of first-degree murder is not required.

**The District Court Did Not Err in Refusing to Give Instructions on Self-Defense or on Provocation Sufficient to Support a Finding of Voluntary Manslaughter**

**{4}** A defendant is entitled to a self-defense instruction when there is "enough evidence to raise a reasonable doubt in the mind of a juror about whether the defendant lawfully acted in self-defense." *State v. Rudolfo*, 2008-NMSC-036, ¶¶ 17, 27, 144 N.M. 305, 187 P.3d 170. The elements of self-defense are (1) "the defendant was put in fear by an apparent danger of immediate death or great bodily harm," (2) "the killing resulted from that fear," and (3) "the defendant acted as a reasonable person would act under those circumstances." *State v. Lopez*, 2000-NMSC-003, ¶ 23, 128 N.M. 410, 993 P.2d 727 (internal quotation marks and citation omitted).

**{5}** It is well established that when a defendant finds it necessary to use deadly force to defend himself from an encounter that he provoked, the defendant cannot claim that he was acting in self-defense. *State v. Chavez*, 1983-NMSC-037, ¶ 6, 99 N.M. 609, 661 P.2d 887. Viewing the evidence in the light most favorable to Defendant, it is clear from the evidence that Defendant was the initial aggressor in the fatal encounter with the victim.

**{6}** A self-defense inquiry "focuses on the reasonableness of [a] defendant's belief as to the apparent necessity for the force used to repel an attack." *Rudolfo*, 2008-NMSC-036, ¶ 20 (internal quotation marks and citation omitted). Excessive force in self-defense renders the entire action unlawful. Defendant was precluded from invoking self-defense since his admitted use of a concealed handgun at close range in response to one or two punches that the victim attempted to land cannot be considered a reasonable use of force. *See, e.g.*, *State v. Guerra*, 2012-NMSC-014, ¶¶ 12-18, 278 P.3d 1031 (upholding the denial of a requested self-defense instruction where the defendant repeatedly stabbed her unarmed combatant during a "hair-pulling fight").

**{7}** The lesser-included offense of voluntary manslaughter is defined as "manslaughter committed upon a sudden quarrel or in the heat of passion." NMSA 1978, § 30-2-3(A) (1994). In determining whether the jury should have been instructed on voluntary manslaughter, we assess "whether there is evidence of sufficient provocation so that the jury could have concluded beyond a reasonable doubt that [a defendant] committed . . . voluntary manslaughter while still harboring a reasonable doubt that [a defendant] committed . . . [first]-degree murder." *State v. Jernigan*, 2006-NMSC-002, ¶ 23, 139 N.M. 1, 127 P.3d 537. It is settled law that "one who intentionally instigates an assault on another [may not] then rely on the victim's reasonable response to that assault as evidence of provocation sufficient to mitigate the subsequent killing of the victim from murder to manslaughter." *State v. Gaitan*, 2003-NMSC-007, ¶ 13, 131 N.M. 758, 42 P.3d 1207. Here, the Defendant "intentionally and vigorously start[ed] the fracas . . . [by] intentionally threaten[ing] the victim and goad[ing] him to respond," and the victim did not respond with even a violent blow. *Id.* ¶¶ 13-14.

**{8}** For the reasons stated above, we conclude that the district court properly denied Defendant's requested jury instructions related to his claims of self-defense and provocation sufficient for voluntary manslaughter.

## There Was Sufficient Evidence to Support Defendant's Conviction For First-Degree Murder

**{9}** We review Defendant's claim that there was insufficient evidence to convict him of first-degree deliberate intent murder by determining "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction," *State v. Guerra*, 2012-NMSC-027, ¶ 10, 284 P.3d 1076 (internal quotation marks and citation omitted), and in so doing "resolve all disputed facts in favor of the State, indulge all reasonable inferences in support of the verdict, and disregard all evidence . . . to the contrary." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{10}** Murder in the first degree is "the killing of one human being by another . . . by any kind of willful, deliberate and premeditated killing." Section 30-2-1(A)(1). "The word deliberate means arrived at or determined upon as a result of careful thought and the weighing of the consideration for and against the proposed course of action" and calls for a "calculated judgment" to kill, which "may be arrived at in a short period of time." UJI 14-201 NMRA. It is possible "for a jury to reasonably infer from evidence presented that [a defendant's] deliberative process occurred within a short period of time—the crucial element being the presentation of *other evidence*." *Tafoya*, 2012-NMSC-030, ¶ 42, 285 P.3d 604 (emphasis added). The various types and sources of such other evidence that have established deliberate intent include "the large number of wounds, the evidence of a prolonged struggle, the evidence of the defendant's attitude toward the victim, and the defendant's own statements," as well as the defendant's firing of the last, fatal shot at a time when the victim "was incapacitated and defenseless" and several months after the defendant had mortally threatened the victim. *State v. Flores*, 2010-NMSC-002, ¶ 21, 147 N.M. 542, 226 P.3d 641, *overruled on other grounds by State v. Martinez*, 2021-

NMSC-002, ¶ 87, 478 P.3d 880; *see State v. Cunningham*, 2000-NMSC-009, ¶¶ 4, 27-28, 128 N.M. 711, 998 P.2d 176.

**{11}**   The State presented evidence sufficient for a reasonable juror to find that Defendant deliberately intended to kill the victim. Evidence submitted to the jury included a cell phone video showing Defendant playing with the laser sight attached to the murder weapon immediately before the party; the Defendant's fixation on the gun before, during, and after his stay at the party; and Defendant lifting up his shirt and "flashing" or displaying the murder weapon to a fellow gang member prior to any hostilities with the victim. Evidence was also presented that Defendant escalated the hostilities and instigated a physical altercation with the victim through fighting words "Let's get it!" and "You don't want this smoke" as well as inviting the victim to come closer. There was evidence that immediately before pulling the trigger and firing the fatal shot from his Glock handgun, Defendant did not "rack the slide" as was necessary to engage the firing mechanism, suggesting that he had readied the weapon for firing at some point earlier that night. Defendant shot the victim at close range with a hollow-point bullet designed to expand upon impact and cause greater injury than a standard bullet. There was also evidence presented that Defendant immediately fled from the scene, firing a second and final shot "into the air"; allegedly tossed the gun into nearby bushes (though the gun was not found during the ensuing police search of the area); and lied to investigating police officers in denying that he had shot anyone. *See Flores*, 2010-NMSC-002, ¶ 23 (noting that "evidence of flight or an attempt to deceive the police may prove consciousness of guilt" that supports a conviction of deliberate intent murder (internal quotation marks and citation omitted)). For the reasons stated above, we conclude that there is sufficient evidence in the record to support Defendant's conviction of first-degree deliberate intent murder.

**{12}**   Given our conclusion that there was sufficient evidence to support the jury's verdict of deliberate intent murder, we need not address whether there was sufficient evidence of depraved mind murder as "due process does not require a general verdict of guilt to be set aside so long as *one of the two* alternative bases for conviction is supported by sufficient evidence." *State v. Salazar*, 1997-NMSC-044, ¶ 43, 123 N.M. 778, 945 P.2d 996.

**We Decline Defendant's Invitation to Revisit *State v. Salazar* Under the Fundamental Error Standard**

**{13}**   Defendant asks this Court to overturn *State v. Salazar*, 1997-NMSC-044, 123 N.M. 778, 945 P.2d 996, and hold that in New Mexico, due process requires a jury to unanimously convict a defendant on a specific theory of first-degree murder. *See id.* ¶ 32 ("[J]ury . . . unanimity is not required as to one theory of first[-]degree murder where alternative theories are presented to the jury.").

**{14}**   Defendant concedes that he did not preserve this argument, and thus suggests that the standard of review is fundamental error. Fundamental error "applies only under exceptional circumstances and only to prevent a miscarriage of justice." *State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633. To overturn a conviction under a

fundamental error standard, the question of guilt must "be so doubtful that it would shock the conscience of this Court to permit the conviction to stand." *State v. Orosco*, 1992-NMSC-006, ¶ 9, 113 N.M. 780, 833 P.2d 1146 (internal quotation marks and citation omitted).

**{15}** We recently rejected a substantially identical argument to overrule *Salazar* in *State v. Hice*, S-1-SC-39211, dec. ¶¶ 14-24 (N.M. Dec. 4, 2023) (nonprecedential). Although Hice is a nonprecedential decision, we see no reason to reach a different conclusion in this appeal. Because *Salazar* remains good law in New Mexico, our continued reliance on that case for the relevant proposition does not constitute a miscarriage of justice nor does Defendant's conviction under *Salazar* shock the Court's conscience. Accordingly, we decline Defendant's invitation to revisit *Salazar* under the fundamental error standard.

**{16}** **THEREFORE WE AFFIRM** Defendant's conviction for first-degree murder.

**{17}** **IT IS SO ORDERED.**

**C. SHANNON BACON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**DAVID K. THOMSON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**