652

WILLIAM D. CAMPBELL, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

O'Melveny, Tuller & Meyers for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

STEPHENS, J., *pro tem.*—George W. Rochester, a candidate at the recent primary election for the Republican party nomination for congressman, is seeking to have the superior court decree that he and not William D. Campbell, petitioner herein, has been nominated.  The board of supervisors has canvassed the votes and declared Campbell nominated. Rochester bases his claim for a recount of the ballots upon an information and belief affidavit that there has been malconduct on the part of election officers in many definitely referred to precincts.  Such malconduct, according to the affidavit, consisted of election officials dividing their forces and counting the ballots in several groups and not by a full

quota of the election board, as well as the tallying and counting of Rochester votes in the Democratic column which should have gone in the Republican column. Rochester also sought the Democratic nomination.

In the midst of the counting the contestee petitioned this court to issue the writ of prohibition to prohibit the superior court from proceeding with the contest, on the ground that the allegations of fact in the affidavit were not of sufficient definiteness to justify the court in making a recount or to give it jurisdiction to make a recount of the ballots, and that if sufficient otherwise the affidavit could not be considered at all for the reason that it was based solely upon information and belief. This court issued its alternative writ prohibiting the superior court from making or entering any decision or judgment in such contest until further ordered. The superior court continued and concluded the counting, but has not announced a decision or caused any judgment to be entered.

Upon the argument here both parties agreed that there was no substantial issue, since the recount actually determined that Campbell, the contestee, had been rightly declared the nominee. It is contended, however, that the petition should not be dismissed, but that because of the great importance of the principle involved we should proceed to consider the matter and either issue or deny the peremptory writ. We have been sympathetic with this desire and have devoted considerable time to the problem presented. We have, however, arrived at the conclusion that the very reason urged for our continuing to take cognizance of the petition is a good reason why we should not do so. We think the points raised should have the fullest possible consideration, and the time at our disposal does not permit of this.

We think the question is moot, but whether or not it is now technically moot, it is so in fact. As was said in *Foster* v. *Smith,* 115 Cal. 611 [47 Pac. 491, 492]: "Any opinion that we might give upon the merits of the plaintiffs' application to the superior court would not therefore be followed by any action on the part of that court, and would not have any binding authority, or constitute an adjudication of the rights of the parties. (*People* v. *Common Council of Troy,* 82 N. Y. 575; *Matter of Manning,* 139 N. Y. 446 [34 N. E. 931].) It was said in the case last cited, upon a similar

question: 'The demands of actual, practical litigation are too pressing to permit the examination or discussion of academic questions such as this case in its present situation presents.' " (See, also, *Bradley* v. *Voorsanger*, 143 Cal. 214 [76 Pac. 1031].) In the instant case it may with propriety also be added that the makeup of the ballots must go to press very shortly, and we should not inject an inconvenience where no real issue impends. The superior court should be allowed to proceed to make its decision and to enter its judgment without delay.

We are cognizant of the fact that if petitioner is right in his position a recount of ballots would be very difficult to secure. On the other hand, if loose and indefinite allegations, supported only by information and belief affidavits, are all that is needed to start a recount, very undesirable results may follow. We think the subject fertile field for legislative consideration.

The alternative writ is vacated and the proceeding dismissed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.

[Civ. No. 1015. Fourth Appellate District.—October 6, 1932.]