IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                       **NO. 29,019**

MIGUEL P.,

    Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Fernando R. Macias, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Pedro Palacios
Las Cruces, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

On the Court's own motion the opinion filed in this cause on May 1, 2009, is hereby withdrawn. This opinion is substituted in its stead.

Child appeals his adjudication on a consent decree to delinquent acts. In our notice, we proposed to affirm. Child has timely responded. We have considered his arguments and finding them unpersuasive, we affirm.

**Right to Counsel**

Child continues to argue that he was denied his right to counsel of his choice. He agrees that where counsel is appointed, he is not entitled to counsel of his choice. [MIO 1] He contends, however, that this is not a case of court-appointed counsel, but rather that he had retained his father, who is an attorney, to represent him. The record shows otherwise. In fact, the Public Defender was appointed to represent Child after a finding that his parents were "unable to or have failed to employ" counsel. [RP 32] The decision to substitute counsel on Child's request is within the sound discretion of the district court, and no abuse of discretion can be shown unless inadequate representation or prejudice to the defendant is shown. *State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977); *State v. Hernandez,* 104 N.M. 268, 272, 720 P.2d 303, 307 (Ct. App. 1986). Although father later entered an appearance to serve as co-counsel with the Public Defender [RP 87] there is nothing in the record indicating that Child himself requested this, and father does not direct us to anything in the record indicating a specific request by Child for father's services. Within an hour of father's attempted entry of appearance the Public Defender moved to withdraw as counsel. The Public Defender cited a deteriorated professional relationship with Child, but did not allege

2

that new counsel had been requested or retained. The court did not grant the withdrawal. Thus, Child's counsel of record remained the Public Defender. It appears that Child was appropriately counseled by his counsel of record. There is no allegation of ineffective assistance of counsel. Therefore, we conclude that Child was not deprived of counsel in this case.

Child appears to be arguing that the district court could not prevent his father from representing him since his father was retained rather than appointed counsel. However, the record indicates that Child was already represented by appointed counsel and that counsel had not withdrawn from representation. Because Child was being adequately represented by appointed counsel, we believe that the district court could limit the role of Child's father—allegedly retained counsel—in the proceedings. Doing so did not deny Child his Sixth Amendment right to counsel.

**Mother's Peremptory Excusal of Judge Properly Denied**

Child continues to argue that his mother's peremptory challenge should have been honored. In our notice, we proposed to hold that because she was not a party to these proceedings, she had no right to a peremptory challenge. [CN 3] Child responds that she must have been made a party to the proceedings because of the district court's order that she was to have no contact with him. He argues that the district court could not have entered such an order without making her a party. We disagree.

3

It appears from the record that the order regarding mother's contact was part of an order of conditional release addressed to Child. [RP 43] Thus, Child was ordered to comply with conditions of release including the limitation on visits with his mother. Both Child's parents signed the order, pledging their cooperation with the court's directives therein on pain of contempt. Mother's signature on the order does not make her a party to the action.

There is nothing else in the record indicating that mother was made a party to these proceedings. Insofar as Child argues that the parents are required to be made a party to delinquency proceedings, he is mistaken. There is no requirement that a parent be made a party to the proceedings. The statute cited by Child concerns only advice regarding the right to counsel and appointment of a guardian if the child does not have a parent who can act in that capacity. NMSA 1978, § 32A-2-14 (2003). Simply because parents are included as guarantors of Child's behavior or in notice requirements does not mean they are parties to the action. As Child's mother was not a party to the proceedings, she was not entitled to a peremptory excusal. Rule 10-162 NMRA.

**Proceedings Did Not Demonstrate Bias of the District Court**

Child continues to claim that the district court showed bias in its rulings. We pointed out in our notice that alleged bias and prejudice must be from an extrajudicial

4

source. Child argues that he cannot make such a showing because he was prevented from making a record below. Child contends in his memorandum that the extrajudicial source was statements made by him to a private counselor. He contends that those statements were not kept confidential. We fail to see how that establishes bias from an extrajudicial source. Child also argues that the judge was biased because he has known Child's father for more than 30 years. He does not establish what bias arose from that knowledge. We conclude that Child is unable to show bias on the part of the judge that arose from an extrajudicial source.

We note in the record proper, however, that Child was initially remanded to custody in July 2008 for violating the court's conditions of his release. Father secured Child's release from detention to house arrest with father. By September 2008, another pleading had been filed by probation alleging that Child had attempted suicide with drugs and alcohol, the use of both being proscribed by his conditions of release; that he had been in the company of mother at the time, that it was she who had dropped him back at father's house; that the incident had not been reported by either father or Child; and that father had, without court permission, on more than one occasion, taken Child from the county in violation of conditions of release. [RP 53] Child was remanded to custody. It was alleged that father was not providing proper supervision as he was ordered to do [RP 54]. On October 20, 2008, father filed a motion to dismiss the allegations both as Child's parent and as a party himself,

contesting the September allegations that Child violated his conditions of release. [RP 60] It was after that motion was denied that father attempted to enter his appearance as co-counsel with the Public Defender. By October 23, 2008, Child, with his Public Defender, entered the consent decree from which father now, ostensibly on Child's behalf, has filed this appeal.

As an attorney, father is presumed to know that an attorney cannot represent a party when he is a witness, or when he has an interest in the proceedings. Given allegations of father's participation in Child's violating his conditions of release by failing to adequately supervise Child and by actively violating conditions by taking Child from the county, we regard the district court's orders as a proper mechanism to distance father from an improper representation.

**Nothing Suggests the Plea Was Not Knowing and Voluntary**

Child continues to argue that his plea was not knowing and voluntary only because he was not allowed counsel of his choice. In particular, he contends that because his father was not allowed to advise him, his plea was involuntary. Again, we point out that Child was represented by counsel at the time of his plea, and there is no reference in his pleadings to a point in the record where he specifically requested his father's representation; all factual allegations concern father's inability to inject himself on Child's behalf. Child has made no allegation that appointed counsel was inadequate or incompetent, that he was not adequately apprised of his rights by the

6

district court, or that he did not have a chance to confer with his father. He simply argues that he was not allowed to have his father represent and counsel him. He does not allege that he did not receive representation and counsel from appointed counsel.

With regard to his claim that the plea was involuntary, it appears that the district court properly inquired of Child, pursuant to Rule 10-227 NMRA, whether he understood the charges, the possible disposition, the right to deny the allegation and have a trial, that his admission waived the right to a trial, and that his admission may effect his immigration status. The record indicates that the court addressed Child and ensured that his admission was voluntary.

Child argues that he was not permitted to make an adequate record to support his issues on appeal. Again, it appears that that argument is directed at the court's refusal to allow Child's father to make arguments on his behalf. Simply because Child's father could not make a record does not mean that there was no sufficient record made in this case. Child's appointed counsel was present at all the hearings and represented Child. The record shows that a hearing was conducted at which the district court actively ensured that Child's admission to the allegations was voluntary and that he understood what was going on. [RP 101] Child's arguments that he was unable to make a record are belied by the record.

7

We are unconvinced that the lack of a record on the issues raised by Child was the result of not being allowed retained counsel of his choice. As we stated earlier in this opinion, Child was not denied his right to counsel. Effective counsel was appointed for him and that counsel represented him in these proceedings. Father's interests do not serve as an alter ego for Child's. The issues that are raised here are all founded on the district court's proper refusal to allow Child's father to represent him where he was already represented by counsel. Because we have held that the district court's refusal to allow Child's father to represent him did not deprive him of his right to counsel, the remaining issues fail.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**