**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rex Richard VETETO, Defendant–**
**Appellant.**

**No. 91–8511.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 5, 1993.

---

Lynn Fant, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

Carolyn J. Adams, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before KRAVITCH, Circuit Judge, GODBOLD and OAKES,* Senior Circuit Judges.

court limited to those matters committed to it by statute).

* Honorable James L. Oakes, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation.

PER CURIAM:

This is the second appeal in this case. In the first appeal, *U.S. v. Veteto*, 920 F.2d 823 (11th Cir.1991), we affirmed in part and vacated defendant's sentence and remanded for resentencing because the court had imposed a sentence of more than 24 months without stating its reasons for choosing a "particular point within the range." [1] 18 U.S.C. § 3553(c)(1).

On remand defense counsel made known his wish to offer matter in mitigation. The court responded as follows:

I think really the question of the sentence is not ... I don't view this as a hearing to reconsider the sentence. I don't recall anything in the court of appeals that indicated that. I think I'm just supposed to state for the record why I chose the sentence I did.

Defense counsel pressed the matter further, and the court restated its interpretation of the court of appeals decision. But the judge added:

However, to cover all the bases, why don't you go ahead and make your presentation in mitigation.

The defense then offered matter in mitigation at some length. The court then said:

It's my interpretation of the court of appeals opinion that I'm not called upon and probably I don't even have any opportunity at this time to change the sentence. In any event, I decline to reconsider it.

The court then proceeded to give its reasons for choosing the particular point within the range. Those reasons are not questioned in this appeal.

The court misconstrued our prior decision. We could have left the sentence in effect and remanded for the limited purpose of the trial court's giving a statement of reasons. But we did not do that.[2] We vacated the sentence, which left no sentence in effect, and remanded for "resentencing consistent with this opinion."

We recognize the arguable ambiguity in the phrase "consistent with this opinion," since the opinion had been devoted to statement of reasons. The fact remains that the sentence was vacated and defendant was to be resentenced with sufficient statements of reasons given. Moreover, the matter in mitigation was offered pursuant to the court's own direction to "touch all bases" by offering such matter. Then, after the mitigation offer was completed, the court receded from the direction it had given counsel and returned to its original position that it was not called upon and did not have the authority to reconsider the sentence. This was error. We must, therefore, vacate the sentence and remand the case to the district court for resentencing, with statement of reasons.

VACATED and REMANDED.

---

**1.** Citing *U.S. v. Parrado*, 911 F.2d 1567, 1572 (11th Cir.1990).

**2.** A limited remand for the sole purpose of the court's stating its reasons, with the sentence left intact, would have been permissible. *See, e.g., U.S. v. Kramer*, 943 F.2d 1543 (11th Cir.1991).