1997-NMCA-119

949 P.2d 1190

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Muni Fred HARRIS.**

**No. 17185.**

Court of Appeals of New Mexico.

Oct. 8, 1997.

Certiorari Denied Nov. 19, 1997.

Tom Udall, Attorney General, Anthony Tupler, Assistant Attorney General, Santa Fe, for Plaintiff–Appellee.

Robert E. Tangora, Tangora & Whitley, P.C., Santa Fe, for Defendant–Appellant.

## OPINION

FLORES, Judge.

1. Defendant appeals from the amended judgment and sentence imposed by the trial court on remand. On appeal Defendant raises four issues: (1) whether he was denied due process when the trial court denied his request for a de novo resentencing hearing on remand; (2) whether the trial court erred in not honoring his peremptory excusal; (3) whether the trial court should have recused itself from resentencing Defendant; and (4) whether on remand this Court should order that a new judge resentence Defendant. For the reasons set out below, we affirm the amended judgment and sentence.

*FACTS*

2. Defendant was originally sentenced by Third Judicial District Court Judge Garnett R. Burks, in December 1982, on two counts of larceny over $100 and two counts of commercial burglary, all fourth degree felonies. In addition, the sentencing court found aggravating circumstances and increased each sentence by one-third above the basic sentence of eighteen months, pursuant to NMSA 1978, Section 31–18–15.1 (1979). Defendant was also found to be a habitual offender with three prior felony convictions, so each count was also enhanced by eight years, pursuant to NMSA 1978, Section 31–18–17(D) (1979). The sentences were ordered to be served consecutively for a total sentence of forty years.

3. Defendant filed a petition for writ of habeas corpus with the First Judicial District Court, and a hearing was held on this petition on May 5, 1994, before Judge Bruce Kaufman. Judge Kaufman entered an order finding that Defendant had not been given prior notice of the intent to aggravate his sentence or of the specific aggravating factors upon which the trial court relied, as required under Section 31–18–15.1, and under *Caristo v. Sullivan,* 112 N.M. 623, 631–32, 818 P.2d 401, 409–10 (1991). Therefore, Judge Kaufman granted the petition for writ of habeas corpus, vacated the sentence, and remanded to the Third Judicial District Court for a new sentencing hearing.

4. On December 5, 1994, Defendant filed a Motion for Resentencing with the Third Judicial District Court, requesting that the trial court set the matter for resentencing in accordance with the order issued by Judge Kaufman. On January 10, 1995, Third Judicial District Judge Thomas G. Cornish entered an order denying Defendant's request for resentencing. On January 11, 1995, a Notice of Judge Reassignment was filed, notifying the parties that Judge Cornish had been reassigned to the case due to the excusal of Judge James T. Martin.

5. Defendant returned to the First Judicial District Court and on September 6, 1995, a second order for remand for new sentencing hearing was issued by Judge Michael Vigil. On November 8, 1995, the Third Judicial District Court issued a notice of hearing, setting the matter for a resentencing hearing before Judge Cornish. On that same day, Defendant filed a pro se notice of peremptory excusal, and then on November 13, 1995, Defendant's attorney filed a peremptory election to recuse Judge Cornish on behalf of Defendant.

6. Judge Cornish presided over Defendant's resentencing hearing, which was held on November 15, 1995. At the beginning of the hearing, defense counsel moved to excuse Judge Cornish based on Defendant's previously filed peremptory excusal. Judge Cornish ruled that Defendant's peremptory excusal was untimely and that it was further barred by Defendant's earlier disqualification of Judge Martin.

7. Defendant also requested that Judge Cornish recuse himself from presiding over the resentencing because of a letter in the court file from Judge Martin to the Department of Corrections which defense counsel argued was extremely prejudicial to Defendant. Judge Cornish indicated that he had not previously seen the letter and knew nothing about Defendant or about the case. He further noted that his role was almost ministerial in nature, insofar as he interpreted the remand order as requiring that he merely correct an illegal sentence, not hold a new sentencing hearing.

8. Defendant argued that he was entitled to a de novo resentencing hearing on his entire sentence because Judge Kaufman's order vacated his sentence. Judge Cornish ruled that the order of remand for resentencing only dealt with the question of the aggravated portion of the sentence, and did not require him to consider any other aspect of sentencing. The State indicated that it was not seeking imposition of the six-month enhancement on each count. Accordingly, Judge Cornish did not permit Defendant to testify' regarding his underlying sentence, nor did he permit defense counsel to present mitigating evidence. Judge Cornish entered an amended judgment and sentence, which removed the two-year aggravation portion of the previous sentence, and otherwise reimposed the previous sentence. Defendant ap-

peals from the amended judgment and sentence.

## DISCUSSION

### Entitlement to a De Novo Resentencing Hearing

█ 9. Defendant contends that he was denied due process when Judge Cornish refused to allow him a de novo resentencing hearing upon remand from the grant of his habeas corpus petition. Defendant relies on several federal cases in support of his position. He cites *United States v. Cornelius,* 968 F.2d 703 (8th Cir.1992); *United States v. Barnes,* 948 F.2d 325 (7th Cir.1991); and *United States v. Veteto,* 980 F.2d 697 (11th Cir.1993) (per curiam). All three opinions address the scope of the trial court's authority on remand for resentencing. Each, however, turns on the specific situation before the court. The applicable law has been nicely summarized as follows: "[T]he scope of the remand is determined not by formula, but by inference from the opinion as a whole." *United States v. Parker,* 101 F.3d 527, 528 (7th Cir.1996).

█ 10. The inference in the present case is a clear one. The sole reason for granting relief to Defendant was that he had not received adequate notice of the State's intent to seek enhancement of his sentence for aggravating circumstances. The remand was for the purpose of a new proceeding that would address that enhancement. At the proceeding the State would have had the opportunity to present grounds for enhancing Defendant's sentence on the basis of aggravating circumstances. Had the State done so, Defendant would have been entitled to a hearing to challenge the State's presentation. The State, however, informed the court that it did not wish to seek enhancement for aggravating circumstances. Thus, Defendant got the maximum possible relief. As the trial court stated, its role became "almost ministerial."

11. Accordingly, we hold that the trial court properly determined the scope of the remand, and Defendant was not denied due process. *See id.*

### Failure to Honor Defendant's Peremptory Excusal

█ 12. Defendant maintains that Judge Cornish erred in refusing to honor Defendant's peremptory excusal. He argues that Judge Cornish's initial order, denying Defendant's motion for reconsideration of sentence, constituted a dismissal of the case. We disagree with this interpretation of Judge Cornish's order. The order did not purport to dismiss the matter, it merely denied Defendant's motion on the ground that Judge Kaufman's order had no legal force, so Judge Cornish would not recognize it. Moreover, the following day, January 11, 1995, notice of assignment of Judge Cornish to the case was mailed to defense counsel. Defendant's notice of peremptory excusal was not filed until November 8, 1995, and defense counsel's notice of peremptory excusal was not filed until November 13, 1995. A notice of excusal must be filed within ten days of the notice of assignment. Rule 5–106(C)(2), NMRA 1997. The notices of excusal in this case were filed ten months after the notice of assignment.

13. Also, at the resentencing hearing Judge Cornish invited defense counsel to inform him why the peremptory excusal should not be considered late, and further noted that Defendant had also exercised his right to peremptorily excuse Judge Martin. *See* Rule 5–106(B) (No party shall excuse more than one judge.). After taking time to review the court file, defense counsel conceded that Defendant had previously excused Judge Martin, and he also indicated he had no further argument to make regarding the alleged timeliness on the matter. Under these facts, Judge Cornish properly rejected the excusal. *See* Rule 5–106(B), (C)(2).

### Failure to Recuse

█ 14. Defendant contends that Judge Cornish should have recused himself from this case because he was tainted by a certain letter from Judge Martin that appeared in the court file. Whether a judge should recuse himself or herself if his or her impartiality might reasonably be questioned places disqualification within the conscience and discretion of the judge. *See Purpura v. Purpura,* 115 N.M. 80, 84, 847 P.2d 314, 318

(Ct.App.1993). Therefore, on appeal, we review Judge Cornish's decision not to recuse himself under an abuse-of-discretion standard.

15. In response to Defendant's request that he recuse himself, Judge Cornish indicated that he knew nothing about Defendant or his case. Judge Cornish also noted that he believed his function on remand was "almost ministerial," insofar as he believed it only involved removal of the aggravation portion of the sentence. Defendant pointed out a letter in the court file from Judge Martin that he considered to be highly prejudicial, and which he relied on as the basis for his request that Judge Cornish recuse himself from resentencing Defendant. Judge Cornish indicated that the first time he had seen the letter was when defense counsel pointed it out to him at the hearing. Moreover, there was nothing indicating that Judge Cornish was in any way influenced by this letter. In light of Judge Cornish's lack of prior familiarity with the case, with Judge Martin's letter, and with Defendant, we cannot say that Judge Cornish abused his discretion in refusing to recuse himself from this matter. *See id.*

16. In light of our holding that the resentencing hearing was appropriately conducted by Judge Cornish and Defendant was not entitled to a de novo sentencing, we need not remand this matter for a new sentencing hearing. Therefore, we need not reach Defendant's contention that a new judge should resentence him on remand.

*CONCLUSION*

17. For the reasons set out above, we affirm the amended judgment and sentence.

18. **IT IS SO ORDERED.**

HARTZ, C.J., and BOSSON, J., concur.