CORRECTED                                                    [PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14428

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:07-cr-14081-KMM-1


UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

versus

CHARLES LEVERN HUDSON,

               Defendant - Appellant.


_____

No. 10-14662

_____

D.C. Docket No. 1:10-cr-20236-AJ-2



UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

versus

CARMELINA VERA ROJAS,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____


Before DUBINA, Chief Judge, TJOFLAT, EDMONDSON, CARNES, BARKETT, HULL, MARCUS, WILSON, PRYOR, MARTIN, FAY and ANDERSON,[1] Circuit Judges.[2]

BY THE COURT:

We previously vacated the panels' opinions to rehear these appeals en banc. *United States v. Rojas*, 659 F.3d 1055 (11th Cir. 2011); *United States v. Hudson*, 659 F.3d 1056 (11th Cir. 2011). The issue before us in both cases was whether the Fair Sentencing Act of 2010, which raised the quantities of crack cocaine required to trigger mandatory-minimum penalties under 21 U.S.C. § 841(b)(1), applies to defendants sentenced after the Act's effective date of August 3, 2010, but whose conduct occurred before that date.

On June 21, 2012, the United States Supreme Court answered the question

_____

[1]Senior United States Circuit Judges Peter T. Fay and R. Lanier Anderson, III, elected to participate in further proceedings in this matter pursuant to 28 U.S.C. § 46(c).

[2]United States Circuit Judge Adalberto Jordan is recused from participating in the matter pursuant to 28 U.S.C. § 47.

and held that the more lenient mandatory-minimums in the Act do apply to all of those defendants sentenced after August 3, 2010, when the Act took effect. *Dorsey v. United States*, Nos. 11-5683; 11-5721, 2012 WL 2344463 (U.S. June 21, 2012).

Accordingly, we now vacate the defendants' sentences, and remand both appeals back to the United States District Court for the Southern District of Florida for re-sentencing consistent with the decision by the Supreme Court.

**VACATED and REMANDED**.