[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16048

_____

D.C. Docket No. 1:08-cr-21104-DMM-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERICK HINDS,
a.k.a. "E",

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 9, 2013)

Before DUBINA, Chief Judge, BARKETT, and KLEINFELD,* Circuit Judges.

PER CURIAM:

_____

*  Honorable Andrew J. Kleinfeld, United States Circuit Judge for the Ninth Circuit,
sitting by designation.

Erick Hinds, originally sentenced following his conviction by a jury of conspiring to possess with intent to distribute 50 grams or more of cocaine base (crack cocaine)[1], was resentenced after this court vacated his original sentence upon finding that the drug amount attributed to Hinds for sentencing purposes was too speculative and remanded to the district court for resentencing. The district court then imposed a sentence of 120 months for his crack cocaine conviction, which Hinds now appeals. The district court held that the Fair Sentencing Act ("FSA"), which raised the drug quantities required to trigger mandatory minimum sentences for certain crack cocaine offenses, did not apply to his resentencing and denied Hinds the benefit of the Act's reduced mandatory minimum sentence. After careful review, we agree with both Hinds and the government that the FSA applies to defendants whose offenses occurred prior to August 3, 2010, the date on which the FSA took effect, but who were resentenced after August 3, 2010.[2]

The narcotics offenses for which Hinds was convicted occurred during 2007 and 2008, and Hinds's first sentencing took place on January 5, 2010. Prior to resentencing, Hinds and the government agreed that the drug amounts attributable to Hinds included 65.19 grams of crack cocaine. Hinds was resentenced on December 12, 2011, at which time Hinds sought application of the FSA's new

---

[1] Hinds was also convicted of other narcotics and firearms offenses not relevant to this appeal.

[2] The government now agrees that the FSA should have applied to Hinds's resentencing and now characterizes as a mistake its contention at the time of resentencing that the FSA did not apply.

2

mandatory minimums relating to crack cocaine.  Specifically, the FSA raised from 50 grams to 280 grams the amount of crack cocaine necessary to trigger the 10-year mandatory minimum sentences, and raised from 5 grams to 28 grams the amount necessary to trigger the 5-year minimum.  See FSA, Pub. L. No. 111-220, 124 Stat. 2372 (2010).  Application of the FSA to Hinds's resentencing would have reduced his mandatory sentence for conspiracy to possess with intent to distribute 65.19 grams of crack cocaine from 120 months to 60 months.

The district court ruled that the FSA did not apply to Hinds's resentencing and applied the pre-FSA 120-month mandatory minimum for his crack cocaine offense.  Specifically, the district court determined that it would be unfair to grant Hinds a reduced mandatory minimum sentence when his codefendants were sentenced under the pre-FSA 120-month mandatory minimum.  Consequently, Hinds received a sentence of 180 months, consisting of the 120-month mandatory minimum and a consecutive 60 months relating to his firearms offense.  However, the district court noted that, in the event this Court were to hold that the FSA did apply to Hinds, his guideline range for the narcotics convictions was 78 to 97 months, and the court would sentence him at the low end of that range.

Subsequent to the resentencing, the Supreme Court held in Dorsey v. United States that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of Pre-Act offenders."  567 U.S. __,

3

132 S. Ct. 2321, 2335 (2012). The Court expressly addressed the concern expressed by the district court in this case—that a disparity would exist between two defendants whose offenses were committed at the same time, but who were sentenced at different times—and found that disparity acceptable. "[T]hose disparities, reflecting a line drawing effort, will exist whenever Congress enacts a new law changing sentences. . . . [W]e conclude that his particular new disparity (between those pre-Act offenders already sentenced and those not yet sentenced as of August 3) cannot make a critical difference." Id.

While we have applied Dorsey in vacating the sentences of defendants who were sentenced post-FSA for pre-FSA offenses, United States v. Hudson, 685 F.3d 1260 (11th Cir. 2012) (en banc), we have not explicitly addressed whether the FSA applies to a de novo resentencing following an initial pre-August 3, 2010 sentencing. We now hold that there is no meaningful difference between an initial sentence and a resentencing post-Act, and that the FSA applies in both cases.[3] The "general rule is that a defendant should be sentenced under the law in effect at the time of sentencing," Untied States v. Grimes, 142 F.3d 1342, 1351 (11th Cir. 1998) and when a sentence is vacated, there is no sentence in effect and

---

[3] Hudson further compels the result in this case, as that case involved a defendant whose initial sentence was vacated, not on direct appeal, but pursuant to a § 2255 motion, based on the district court's conclusion that he had been denied effective assistance of counsel at sentencing. United States v. Hudson, 727 F. Supp. 2d 1376, 1381 (S.D. Fl. 2010). The district court refused to apply the FSA at his resentencing, and while this Court initially upheld that determination, United States v. Hudson, 426 F. App'x 748, 750 (11th Cir. 2011), we ultimately vacated and remanded. Hudson, 865 F.3d at 1260.

resentencing is required.  United States v. Veteo, 980 F.2d 697, 698 (11th Cir.

1993).    Thus, at the time a defendant is resentenced, he is in a materially

indistinguishable position from the defendant in Dorsey, and Dorsey's analysis is

equally applicable.

Accordingly, we now vacate Hinds's sentence and remand to the district

court for resentencing consistent with this opinion.

**VACATED** and **REMANDED**.