[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15366
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cr-60072-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY VE SEAN THOMAS,
a.k.a. Cory T,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 16, 2013)

Before DUBINA, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Corey Thomas, a federal prisoner proceeding *pro se*, appeals the district

court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction.  On

appeal, Thomas argues the district court erred by declining to apply Amendment 750 and the reduced statutory penalties of the Fair Sentencing Act of 2010 ("FSA") to reduce his sentence. We affirm.

## I.

On August 27, 2010, Thomas was convicted after pleading guilty to four counts of distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). The offenses occurred on different occasions between February and August 2009. The presentence investigation report ("PSI") applied the 2009 Guidelines Manual and grouped Thomas's offenses together pursuant to U.S.S.G. § 3D1.2. At sentencing, the court found Thomas responsible for between 35 grams and 50 grams of cocaine base, which resulted in a base offense level of 28 under U.S.S.G. § 2D1.1(a)(5). Because Thomas qualified as a career offender, and the applicable statutory maximum sentence was 40 years of imprisonment, his offense level was increased to 34 under U.S.S.G. § 4B1.1(b). Thomas received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). Based on a total offense level of 31 and a criminal history category of VI, his guideline range was 188 to 235 months of imprisonment. Under 21 U.S.C. § 841(b)(1)(B), Thomas faced a mandatory minimum sentence of 5 years and a maximum term of 40 years. The court adopted the PSI's guideline calculations, but it imposed a sentence below the advisory guideline range. Specifically, on

2

August 27, 2010, the court imposed concurrent 152-month sentences on each count.

In July 2012, Thomas filed this *pro se* § 3582(c)(2) motion for a sentence reduction based on Amendment 750 and the FSA.  Thomas alleges he sold 42 grams of crack cocaine in March 2010, but he was sentenced on August 27, 2010, after the FSA became effective.  Under the FSA, he asserts his mandatory minimum sentence was reduced from 10 years of imprisonment to 5 years of imprisonment, but the district court did not apply the FSA provisions and sentenced him to 152 months of imprisonment. Thomas further contends his base offense level was lowered to 19 under the FSA, resulting in a guideline range of 63 to 78 months of imprisonment.  Although Thomas was still a career offender with a criminal history category of VI, the FSA's provisions "lowered the guideline range [on which] his career offender [status] was based."  In sum, Thomas argues that he met the requirements for a sentence reduction under § 3582(c)(2) based on the FSA's retroactive amendments.  He contends the FSA applies to defendants who committed a crack cocaine offense before August 3, 2010, but who were not sentenced until after that date.

After the government's response, the district court denied the § 3582(c)(2) motion and found the retroactive amendments to the Sentencing Guidelines did not lower his guideline range, because Thomas was sentenced as a career offender.

3

II.

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2).  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir.), *cert. denied*, 133 S.Ct. 568 (2012).

Section 3582(c)(2) provides a court may reduce a defendant's sentence where the defendant is sentenced to a term of imprisonment based on a sentencing range that subsequently was lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1).  Amendment 750 to the Sentencing Guidelines, made retroactively applicable on November 1, 2011, by Amendment 759, makes permanent the temporary emergency Amendment 748, which lowered the base offense levels for particular crack cocaine quantities in § 2D1.1(c), pursuant to the FSA.  *See* U.S.S.G. App. C, Amend. 750, Reason for Amend. *and* U.S.S.G. App. C, Amend. 759.  Under § 3582(c)(2), sentence reductions are not authorized where the new guideline amendment "is applicable to the defendant but . . . does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline*."  *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008) (quotation omitted).  Thus, reductions in the crack-cocaine offense levels do not provide relief for defendants whose applicable guideline range was based on the career-offender guideline, § 4B1.1.  *Id.* at 1327,

4

1330.  Under § 4B1.1, a defendant subject to a statutory-maximum penalty of at least 25 years of imprisonment receives an offense level of 34.  U.S.S.G. § 4B1.1.

Before the FSA was signed into law on August 3, 2010, distribution of 5 grams or more of crack cocaine triggered the application of a statutory mandatory minimum sentence of 5 years of imprisonment and a maximum sentence of 40 years of imprisonment.  21 U.S.C. § 841(b)(1)(B)(iii) (2009).  The FSA changed the crack-to-powder-cocaine ratio from 100-to-1 to about 18-to-1.  *Dorsey v. United States*, 567 U.S. ___, ___, 132 S.Ct. 2321, 2329, 183 L.Ed.2d 250 (2012).  The FSA also amended the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 5 grams to 28 grams the amount of crack cocaine necessary to trigger the 5-year mandatory minimum sentence.  *See* FSA, Pub. L. No. 111-220, 124 Stat. 2372 (2010); *United States v. Hinds*, 713 F.3d 1303, 1304 (11th Cir. 2013).  Further, under the FSA, where a defendant has distributed more than 28 grams of crack cocaine, a maximum sentence of 40 years of imprisonment applies.  *See* 21 U.S.C. § 841(b)(1)(B)(iii).  In *Dorsey*, the Supreme Court held the FSA's reduced statutory mandatory minimums apply to defendants who committed crack cocaine offenses before August 3, 2010, but were sentenced after the date the FSA went into effect.  *Dorsey*, 567 U.S. at ___, 132 S.Ct. at 2326, 2335-36.

In *United States v. Berry*, we addressed the applicability of Amendment 750 and the FSA in the context of a § 3582(c)(2) proceeding.  701 F.3d 374, 376-77

5

(11th Cir. 2012). In resolving Berry's appeal, we rejected his argument that he was eligible for a sentence reduction under the FSA because the FSA was not a Guidelines amendment by the Sentencing Commission, but a statutory amendment by Congress. *Id.* at 377. Thus, it did not serve as a basis for a § 3582(c)(2) sentence reduction in Berry's case. *Id.* In a footnote, we noted that, if Berry were resentenced under the FSA, his statutory maximum sentence would remain life imprisonment, and his offense level under U.S.S.G. § 4B1.1(b) would remain unchanged. *Id.* at 377 n.3.

The district court did not err in denying Thomas's § 3582(c)(2) motion. Thomas was sentenced pursuant to the career-offender guideline, not § 2D1.1; Amendment 750 did not have the effect of lowering his applicable guideline range. *See Moore*, 541 F.3d at 1327, 1330. Because Thomas was sentenced after the FSA's effective date, the FSA's reduced mandatory minimum penalties apply to him. *See Dorsey*, 567 U.S. at ___, 132 S.Ct. at 2326, 2335-36. However, the FSA's reduced penalties have no bearing on Thomas's applicable guideline range under § 4B1.1. Under § 4B1.1, Thomas was assigned a base offense level of 34 because he was subject to a maximum statutory sentence of 40 years of imprisonment. *See* U.S.S.G. 4B1.1(b). Under the FSA, he is still subject to a maximum sentence of 40 years of imprisonment, because his offense involved more than 28 grams of cocaine. *See* 21 U.S.C. § 841(b)(1)(B)(iii). Therefore,

6

Thomas's base offense level remains 34 under § 4B1.1, and his applicable guideline range remains 188 to 235 months.

Additionally, Thomas was not eligible for a § 3582(c)(2) reduction based on the FSA because the FSA is not a guidelines amendment by the Sentencing Commission, but a statutory change by Congress.  *See Berry*, 701 F.3d at 377. Even if Thomas could raise such a claim, the FSA's lower statutory penalties do not operate to reduce Thomas's applicable guideline range because his guideline range of 188 to 235 months of imprisonment far exceeded his mandatory minimum sentence of 5 years of imprisonment.  Moreover, Thomas argues that, under the FSA, his mandatory minimum sentence was reduced from 10 years of imprisonment to 5 years of imprisonment.  However, the PSI indicated that he was originally subject to a 5-year mandatory minimum sentence, and he appears to concede on appeal that the same mandatory minimum sentence applies under the FSA.  Consequently, Thomas's mandatory minimum sentence had no bearing on his guideline range or on the ultimate sentence that was imposed.

Because Thomas's base offense level under § 4B1.1 was not reduced by Amendment 750 or the FSA, he was ineligible for a sentence reduction under § 3582(c)(2).  *See Moore*, 541 F.3d at 1327-28, 1330.

**AFFIRMED.**