[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14787
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-21104-DMM-10

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAUVARIS HALL,
a.k.a. T,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 30, 2013)

Before DUBINA, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Tauvaris Hall, proceeding *pro se*, appeals the district court's

denial of his 2012 motion to reduce his sentence, pursuant to 18 U.S.C.

§ 3582(c)(2) and Amendment 750 to the Sentencing Guidelines.

In 2006, Hall pled guilty to one count of conspiracy to possess with intent to

distribute cocaine and cocaine base ("crack cocaine"), in violation of 21 U.S.C.

§§ 841(a)(1), 846.  The presentence investigation report (PSI) applied the 2008

Sentencing Guidelines Manual to assign Hall a base offense level of 32, pursuant

to U.S.S.G. § 2D1.1, because Hall was responsible for 1,613 grams of cocaine, 391

grams of crack cocaine, and 4,501 grams of marijuana, an equivalent total of 8,147

kilograms of marijuana.[1]  After a two-level increase for possessing a dangerous

weapon in the offense and a total three-level reduction for acceptance of

responsibility, Hall's total offense level was 31.  Based on an offense level of 31

and a criminal history category of III, Hall's guideline range was 135 to 168

months' imprisonment.  The district court sentenced Hall to 72 months'

imprisonment.[2]

In 2012, Hall filed a *pro se* 18 U.S.C. § 3582(c)(2) motion based on

Amendment 750 to the Sentencing Guidelines, in which he asked the district court

---

[1] Pursuant to § 2D1.1(c)(3), an offense involving at least 3,000 kilograms but less than 10,000 kilograms of marijuana would receive a base offense level of 34, but a two-level reduction to the base offense level applied, pursuant to § 2D1.1 n.10(D)(i), for a base offense level of 32.

[2] The government had previously moved for a sentence reduction, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), because after his arrest Hall provided substantial assistance.

that "all new law be applied" that would help reduce his sentence.  The district court denied Hall's § 3582(c)(2) motion because, even after application of Amendment 750, his base offense level remained unchanged.

We review *de novo* a district court's decision about the scope of its legal authority under § 3582(c)(2).  *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).  Pursuant to § 3582, a district court may modify a defendant's term of imprisonment where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  However, a sentence reduction is not authorized under § 3582(c)(2) if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir.), *cert. denied*, ___ U.S. ___ (U. S. Oct. 7, 2013)(No. 12-10828).

A district court must follow a two-step process in ruling on a § 3582(c)(2) motion.  *United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000).  First, the court must recalculate the defendant's sentence by "substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed."  *Id.* at 780.  In other words, the court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at

3

the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Under the second step, the court must decide whether, in its discretion and in light of the 18 U.S.C. § 3553(a) sentencing factors, to retain the original sentence or to resentence the defendant under the amended guideline range. *Bravo*, 203 F.3d at 781. District courts may not reexamine the other sentencing determinations made at the original sentencing. *See* U.S.S.G. § 1B1.10(b)(1) (stating that courts should substitute only the amendment and "leave all other guideline application decisions unaffected"); *Bravo*, 203 F.3d at 780.

To determine a base offense level for an offense that involves different controlled substances, the Guidelines provide that each substance is to be converted to its marijuana equivalent, the quantities are to be added together, and then the offense level is to be determined based on reference to the Drug Quantity Table. *See* U.S.S.G. § 2D1.1, comment. (n.8(B)) (2012). Amendment 750, effective November 1, 2011, and retroactive, eliminated the two-level reduction to the combined base offense level where the offense involved both crack cocaine and other controlled substances. *See* U.S.S.G. App. C., amend. 750 (2011). Amendment 750 also lowered the base offense levels for particular crack cocaine quantities in U.S.S.G. § 2D1.1(c). *See id*. Under Amendment 750, 1 gram of crack cocaine equates to 3,571 grams of marijuana. *Id.*; U.S.S.G. § 2D1.1,

comment. (n.8(D)) (2012).  Amendment 750 did not amend the marijuana equivalency for powder cocaine, which equates 1 gram of powder cocaine to 200 grams of marijuana.  U.S.S.G. App. C., amend. 750 (2011); U.S.S.G. § 2D1.1, comment. (n.8(D)) (2012).  A defendant's base offense level is 32 after Amendment 750 if he was held accountable for at least 1,000 kilograms, but less than 3,000 kilograms, of marijuana.  U.S.S.G. § 2D1.1(c)(4) (2012).

Here, we conclude from the record that the district court properly denied Hall's § 3582(c)(2) motion.  Under the Drug Equivalency Table in effect after Amendment 750, Hall was responsible for a total of 1,723 kilograms of marijuana: each of 1,613 grams of cocaine equates to 200 grams of marijuana, for a total of 322.6 kilograms of marijuana; each of 391 grams of crack cocaine equates to 3,571 grams of marijuana, for a total of 1,396.2 kilograms of marijuana; and Hall was also responsible for a total of 4.5 kilograms of marijuana.  A defendant responsible for 1,723 kilograms of marijuana is assigned a base offense level of 32.  *See* U.S.S.G. § 2D1.1(c)(4) (2012).  Applying the same sentencing determinations made by the sentencing court, Hall's adjusted offense level would still be 31, and his guideline range would remain 135 to 168 months' imprisonment.  *See* U.S.S.G. § 1B1.10(b)(1).  Accordingly, the district court did not err when it determined that

it did not have the discretion to reduce Hall's sentence pursuant to § 3582(c)(2).[3]

**AFFIRMED.**

---

[3] Hall also urges this Court to remand his case for sentencing in light of *Dorsey v. United States*, 567 U.S. ___, 132 S.Ct. 2321 (2012), and *United States v. Hinds*, 713 F.3d 1303 (11th Cir. 2013). Neither case applies here. *Dorsey* held that Congress intended the Fair Sentencing Act (FSA) to apply to defendants who committed their offenses before the FSA but were sentenced after it went into effect. *See Dorsey*, 567 U.S. ___, 132 S.Ct. at 2326, 2335. Hall both committed his offense and was sentenced prior to the FSA, and thus *Dorsey* does not apply. As for *Hinds*, it also does not apply in Hall's case because it applies the *Dorsey* rule to a *de novo* resentencing following the effective date of the Fair Sentencing Act, circumstances which are not present here. *See Hinds*, 713 F.3d at 1305.